**FILED**
**U.S. District Court**
**District of Kansas**
05/20/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TOMMIE LEE JONES,

      **Plaintiff,**

      v.                               **CASE NO.  26-3049-JWL**

HUTCHINSON POLICE
DEPARTMENT,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and is in custody at the Reno County Correctional Facility in Hutchinson, Kansas.  Plaintiff's claims relate to his state criminal proceedings.  He alleges that excessive force was used upon his arrest.

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 6) finding that the Complaint was subject to dismissal because Plaintiff failed to name a proper defendant, because of abstention under *Younger v. Harris*, 401 U.S. 37, 45 (1971), and because Plaintiff's claim for release from custody must be brought in a habeas corpus proceeding rather than under 42 U.S.C. § 1983.

The MOSC directed Plaintiff to show cause by May 11, 2026, why this matter should not be dismissed due to the deficiencies set forth.  The MOSC provided that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice."  (Doc. 6, at 8.)  Plaintiff has not filed a response as of the date of this Order.

Furthermore, on April 7, 2026, the Court granted Plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $38.00, calculated under

1

28 U.S.C. § 1915(b)(1). (Doc. 5.) The order provides that the failure to pay the initial partial filing fee or file an objection by May 7, 2026, "may result in the dismissal of this matter without further notice." *Id.* Plaintiff has failed to pay the fee or file an objection by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated May 20, 2026, at Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2